UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THEOFERLIUS DOLPHIN
                                                            PRISONER
   v.                             Case No. 3:05CV426(HBF)

WATERBURY POLICE DEP'T, ET AL.

## RULING AND ORDER

The Plaintiff is currently confined at the Brooklyn Correctional Institution in Brooklyn, Connecticut. He brings this civil rights action pro se pursuant to 28 U.S.C. § 1915 against the State of Connecticut, the Waterbury Police Department, Waterbury Police Detective Clement Shagensky, Waterbury Police Detective Coyle, Assistant State's Attorney Terrence Mariani, Connecticut State Trooper Samuel Izzarelli and Probation Officers Keith R. Furniss and Paul Distasio. Pending is a motion to dismiss filed by defendants State of Connecticut, Mariani, Izzarelli, Furniss and Distasio; a motion to dismiss filed by the City of Waterbury; an amended motion to dismiss filed by defendants Waterbury Police Department, Shagensky and Coyle; and a motion for summary judgment and motion for copy of the docket sheet filed by the plaintiff. For the reasons that follow, all motions are denied except the motion for a copy of the docket sheet.

I.   Motions to Dismiss

The motions to dismiss and amended motion to dismiss are essentially identical.  The court first considers the City of Waterbury's motion to dismiss.  The City of Waterbury does not appear as a defendant in the caption of the amended complaint.  Rule 10(a) of the Federal Rules of Civil Procedure requires that all defendants be listed in the caption of the complaint.  Thus, the City of Waterbury is not a defendant in this action and the court will not consider any claims against it.  The City of Waterbury's motion to dismiss is denied as moot.  The court considers the remaining two motions to dismiss below.

   A.   Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Thomas v. City of N.Y., 143 F.3d 31, 37 (2d Cir. 1998).  Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted.  See Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff

2

is entitled to offer evidence to support his or her claims." Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996) (quoting Grant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) (internal quotations omitted)). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993). The Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

B. Facts

The court accepts as true the following allegations taken from the amended complaint.

On November 13, 2003, defendant Furniss applied for a warrant to arrest the plaintiff. On December 4, 2003, a Superior Court Judge issued a warrant for plaintiff's arrest. Defendant Furniss arrested the plaintiff on December 11, 2003, and turned him over to defendant Distasio who transported the plaintiff to Waterbury Superior Court. The plaintiff appeared with his attorney at his arraignment that day. The judge, prosecutor and plaintiff's attorney discussed problems with the arrest warrant in the Judge's chambers and in open court. The warrant was

deficient in that it lacked the plaintiff's name, date of birth and address. The Judge transferred the case to another court on January 21, 2004.

On February 24, 2004, defendant Shegensky arrested the plaintiff pursuant to an arrest warrant issued by defendant Mariani. The warrant was not signed by a judge. On May 3, 2004, defendant Mariani called defendant Izzarelli to testify at plaintiff's violation of probation hearing. Defendant Izzarelli gave false testimony regarding plaintiff's alleged violations of the terms of his probation.

Defendants Izzarelli, Shagensky and Coyle were aware that the arrest warrant lacked a judge's signature, but failed to take any action to rectify the defect. The plaintiff alleges that the Waterbury Police Department routinely issues invalid warrants based on false affidavits. The plaintiff seeks declaratory and injunctive relief and monetary damages.

C. Discussion

The defendants characterize the amended complaint as asserting claims of false arrest, false imprisonment and malicious prosecution and move to dismiss all claims as barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court determined that where a judgment in favor of the plaintiff would necessarily implicate

4

the validity of the plaintiff's conviction or the length of his sentence, a cause of action under section 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." Id. at 487. The defendants contend that none of the plaintiff's claims are cognizable because plaintiff's convictions were never invalidated. Thus, his claims are barred by the holding in Heck.

The plaintiff alleges that the invalid arrest warrants and the false testimony of defendant Izzarelli led to his illegal incarceration. He also references a seven year sentence in his request for relief and seeks expungement of his "conviction(s)". It is unclear from these allegations whether the plaintiff was convicted of crimes which were the basis for the specified arrest warrants. Thus, the court cannot determine if Heck is applicable to all or some of the plaintiff's claims.

Even assuming that the plaintiff's conviction was based on the charges underlying either or both arrests, reading the allegations in the amended complaint in the light most favorable to the plaintiff, the court cannot conclude that a determination that the arrest warrants were facially invalid or that the

5

testimony of defendant Izzarelli was false would necessarily invalidate plaintiff's convictions pursuant to his arrests on December 11, 2003 and February 24, 2004.  See State v. Fleming, 198 Conn. 255, 263, 502 A.2d 886, 891 ("Where the fairness of a subsequent prosecution has not been impaired by an illegal arrest, neither the federal nor the Connecticut constitution requires dismissal of the charges or a voiding of the resulting conviction."), cert. denied, 475 U.S. 1143 (1986); State v. Ryerson, 201 Conn. 333, 338, 514 A.2d 337, 339 (1986) ("An illegal arrest may impair the fairness of a subsequent prosecution only where evidence obtained as a direct consequence of that arrest is admitted against the defendant at trial."); Covington v. City of New York, 171 F.3d 117, 123 (2d Cir.) (Second Circuit "unable to determine whether success on Covington's Section 1983 false arrest claim would necessarily imply the invalidity of a possible conviction resulting from the criminal proceeding[] instituted against him based on that arrest" without information as to available evidence which might be introduced against him in the proceeding), cert. denied, 528 U.S. 946 (1999).  Accordingly, the motion to dismiss filed by the Connecticut defendants and amended motion to dismiss filed by the Waterbury defendants are denied on the ground that Heck bars the claims against them.

II. Plaintiff's Motion for Summary Judgment

The plaintiff asserts that he is entitled to judgment as a matter of law as there are no material issues of fact in dispute. Rule 56(a), D. Conn. L. Civ. R., requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served" with the Local Rule 56(a)1 Statement. This specific citation requirement applies to pro se litigants as well as to attorneys. Rule 56(a)4 also requires that the movant file a memorandum in support of his motion.

The plaintiff has not complied with any of these requirements. He has not filed a memorandum or Local Rule 56(a)1 statement in support of his motion. Thus, the motion is denied without prejudice for failure to comply with court rules.

III. <u>Motion for Copy of Docket Sheet [doc. # 29]</u>

The plaintiff seeks a copy of the current docket sheet in this case. The motion is granted. The Clerk is directed to mail a copy of the docket sheet to the plaintiff with a copy of this ruling.

V. <u>Conclusion</u>

The Motion to Dismiss [**doc. # 22**] filed by defendants State of Connecticut, Mariani, Izzarelli, Furniss and Distasio and the Amended Motion to Dismiss [**doc. # 20**] filed by the City of Waterbury and defendants Waterbury Police Department, Shagensky, Coyle are **DENIED**. The Motion to Dismiss [**doc. # 16**] filed by the City of Waterbury is **DENIED** as moot. The plaintiff's Motion for Summary Judgment [**doc. # 31**] is **DENIED** without prejudice. The Motion for Copy of Docket Sheet [**doc. # 29**] is **GRANTED**. The Clerk is directed to mail a copy of the docket sheet to the plaintiff with a copy of this ruling.

As it is evident that the plaintiff intended to include the City of Waterbury as a defendant in this action based on his description of parties and allegations against it in the body of the amended complaint, the court will permit the plaintiff to file a second amended complaint that includes the City of Waterbury in the caption. Any second amended complaint must be filed within twenty days of the date of this order and served by

8

mail on counsel for the defendants.

This is **not** a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [doc. #33] and, on December 29, 2006, the case was transferred to the undersigned for all purposed including the entry of judgment.

**SO ORDERED** this 30th day of March, 2007, at Bridgeport, Connecticut.

/s/ Holly B.Fitzsimmons_____

HOLLY B. FITZSIMMONS  
UNITED STATES MAGISTRATE JUDGE