UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THEOFERLIUS DOLPHIN
                                  PRISONER
   v.                       Case No. 3:05CV426(HBF)

WATERBURY POLICE DEP'T, ET AL.

**<u>RULING ON PENDING MOTIONS</u>**

The plaintiff, Theoferlius Dolphin, filed this civil rights action pro se pursuant to 28 U.S.C. § 1915. He alleges*, inter alia,* that on two occasions the defendants violated his constitutional rights when they arrested and prosecuted him pursuant to defective arrest warrants. Pending before the court is the City of Waterbury's motion to dismiss, Waterbury Police Department's motions to compel disclosure and to take the deposition of the plaintiff and the plaintiff's motions for jury trial and for service of subpoenas. The court addresses the motion to dismiss first.

**I.**    **<u>Motion to Dismiss Doc. # 55</u>**

The City of Waterbury moves to dismiss the claims against it on two grounds: (1) the amended complaint was not served upon it within the 120 day period set forth in Rule 4(m), Fed. R. Civ. P.; and (2) the claims against it are barred by the statute of limitations. For the reasons set forth below, the motion is denied.

**A.   Standard of Review**

When considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003).  The court considers not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim.  See York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.), cert. denied, 537 U.S. 1089 (2002).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  See Bell Atlantic v. Twombley, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007).

When ruling on a motion to dismiss, the court may consider the allegations in the complaint, any documents attached to the complaint and other facts of which judicial notice may be taken. See Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).  In its review of a motion to dismiss, the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants."  Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

**B.     Facts**

The court assumes that the following allegations, taken from the second amended complaint, are true.

On November 13, 2003, State of Connecticut Probation Officer Keith Furniss completed an affidavit in support of an application for a warrant for plaintiff's arrest on a violation of probation charge.  A Superior Court Judge issued a warrant for plaintiff's arrest on December 4, 2003.  On December 11, 2003, State of Connecticut Probation Officer Furniss arrested the plaintiff and turned him over to Officer Distasio.  That same day, Officer Distasio transported the plaintiff to Waterbury Superior Court for arraignment.

In court, plaintiff's attorney voiced his concerns regarding the arrest warrant.  Plaintiff claims that the warrant was defective as it did not contain his name, address or date of birth.

A probation revocation hearing was held on May 3, 2004. State's Attorney Terence Mariani represented the State of Connecticut at the hearing and allegedly put on the stand State Police Sergeant Izzarelli, who offered false testimony.  State's Attorney Mariani also manipulated court rules and procedures, overlooked deficiencies in the arrest warrant, and failed to bring those deficiencies to the attention of the judge.  At the conclusion of the hearing, the judge found that the plaintiff had violated his probation, revoked the plaintiff's probation and

sentenced the plaintiff to serve seven years of imprisonment which constituted the unexecuted portion of his underlying sentence.

In February 2004, State's Attorneys Griffin, Connelly and Mariani, Jr. applied for a warrant for plaintiff's arrest on the charge of failing to comply with the sex offender registration requirements set forth in Connecticut General Statutes § 54-252. On February 24, 2004, Waterbury Police Detective Shegensky arrested the plaintiff pursuant to a warrant that plaintiff asserts was defective as it did not include a judge's signature. Plaintiff was subsequently found guilty of violating the sexual offender address verification requirements set forth in Connecticut General Statutes § 54-251. Waterbury Police Sergeant Coyle was aware of the defective warrant, but failed to take any action to correct it.

Plaintiff generally asserts that the two instances of the issuance of allegedly defective warrants for his arrest demonstrate a pattern by the City of Waterbury of permitting its employees to execute invalid arrest warrants. Plaintiff also asserts that the City has a pattern of permitting its employees to provide false statements and tamper and alter court documents.

**C. Discussion**

The City of Waterbury argues that the plaintiff failed to serve the second amended complaint upon it within the 120 day period set forth in Rule 4(m), Fed. R. Civ. P. Plaintiff contends that the City of Waterbury had knowledge of the claims against it

when he filed his first amended complaint and that counsel for the City waived service of summons as to that amended complaint on April 10, 2006.

### 1. **Rule 4(m) of the Federal Rules of Civil Procedure**

The second amended complaint naming them the City of Waterbury as a defendant was received by the court on April 24, 2007. The City argues that the plaintiff has failed to serve the amended complaint on it within the time period set forth in Rule 4(m), Fed. R. Civ. P., which provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

When an inmate files an action in forma pauperis the responsibility for service is assumed by the court. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . ."); Antonelli v. Sheahan, 81 F.3d 1422, 1426 (7th Cir. 1996) (an inmate may rely on the United States Marshal Service to serve process). Because an inmate must rely on the court and the United States Marshal Service to effect service of the complaint, any delay attributed to the court or the Marshal Service "automatically constitutes 'good cause' preventing dismissal under Rule 4(m)." Mitchell v. Shomig, 969 F. Supp. 487, 493 (N.D. Ill.

5

1997) (citing <u>Graham v. Satkoski</u>, 51 F.3d 710, 713 (7th Cir. 1995)); see also <u>Wilson v. Vaughn</u>, No. CIV.A 93-6020, 1996 WL 528870 (E.D. Pa. Mar. 14, 1996). Here, the court did not issue an order directing the United States Marshal to serve the second amended complaint on the City of Waterbury. Thus, the fact that the City of Waterbury has not yet been served with a copy of the second amended complaint cannot be attributed to the plaintiff and dismissal under Rule 4(m), Fed. R. Civ. P. is not warranted. The motion to dismiss is denied on this ground.

### 2. **Statute of Limitations**

The City of Waterbury argues that the claims against it are time-barred. The limitations period for filing a section 1983 action is three years. <u>See</u> <u>Lounsbury v. Jeffries</u>, 25 F.3d 131, 134 (2d Cir. 1994) (holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983). The plaintiff alleges the defective arrest warrant was dated February 10, 2004 and was used by a Waterbury Police Detective to arrest him on February 24, 2004. Thus, the plaintiff had until February 24, 2007, to file his claims against the City of Waterbury.

The plaintiff timely commenced this action against defendants State of Connecticut, the Waterbury Police Department, Waterbury

6

Police Detective Clement Shagensky, Waterbury Police Sergeant Eugene Coyle, Assistant State's Attorney Terrence Mariani and Connecticut State Police Sergeant Samuel Izzarelli, by complaint received by the court on March 9, 2005. On December 1, 2005, plaintiff filed an amended complaint adding Probation Officers Keith R. Furniss and Paul Distasio as defendants. On March 30, 2007, the court denied plaintiff's motion for summary judgment as well as motions to dismiss filed by the defendants and noted that it was evident that plaintiff had intended to include the City of Waterbury in the caption of the amended complaint. The court permitted the plaintiff twenty days to file an amended complaint to add the City of Waterbury to the caption. On April 24, 2007, the plaintiff filed a second amended complaint naming the eight individuals listed as defendants in the first amended complaint as well as the City of Waterbury.

When a plaintiff omits the name of a defendant from the caption, but accurately identifies the defendant and includes allegations against it, him or her in the body of the complaint, such an omission is viewed as a "technical defect." Nationwide Mutual Ins. Co. v. Kaufman, 896 F. Supp. 104, 109 (E.D.N.Y. 1995) ("[T]he caption itself ... is normally not determinative of the identity of the parties.... Where a party has actual notice of a suit and is correctly identified in the body of the complaint, courts have typically held that an error in the caption is a

7

technical defect."(citations omitted)). Thus, courts have permitted a plaintiff to proceed as to a defendant who has not been named in the caption, but who has been sufficiently identified and put on notice of the claims against it based on the allegations in the body of the complaint. See O'Neal v. County of Nassau, 992 F. Supp. 524, 531 (E.D.N.Y. 1997) (holding that where the caption in a § 1983 case did not name individual defendants but the complaint "alleges their direct, personal involvement in the alleged violation of [plaintiff's] constitutional rights," the plaintiff had sufficiently pled a cause of action against the individual defendants), aff'd, 133 F.3d 907 (2d Cir. 1998); Minotti v. Wheaton, 630 F. Supp. 280, 282 (D. Conn. 1986) (permitting plaintiff leave to amend to add United States as a defendant in view of fact "plaintiff correctly identified the United States as the real party in interest in its complaint and arguably provided adequate notice to the government of its claim against it") 5 C. Wright and A. Miller, Federal Practice and Procedure § 1322 (1969)("If the body of the complaint correctly identifies the party or the proper person actually has been served with process, courts generally will allow an amendment under Rule 15 to correct technical defects in the caption.")

Here, the City of Waterbury was identified as a defendant in the description of parties section of the first amended complaint and plaintiff made specific allegations against the City concerning

its alleged pattern of issuing invalid arrest warrants.  In
addition, it is clear that the City was on notice of the claims
against it, as counsel for the City filed a motion to dismiss the
first amended complaint on March 28, 2006.[1]  (See Mot. Dismiss,
Doc. No. 16.)

The court considers the omission of the City of Waterbury from
the caption of the first amended complaint to have been a technical
defect; the plaintiff has corrected that defect by filing a second
amended complaint in which the City of Waterbury is included in the
caption.  The court concludes that the allegations in the second
amended complaint against the City of Waterbury relate back to the
date the plaintiff filed the first amended complaint with the
court, December 1, 2005.  See Rule 15(c)(3), Fed. R. Civ. P.
(amended complaint relates back to date of original complaint if
claims set forth in amended complaint arose out of same conduct as
asserted in complaint and within 120 days of filing of the
complaint, the new defendant has received sufficient notice of the
action such that he or she "will not be prejudiced in maintaining a
defense on the merits," and [] knew or should have known that, but
for a mistake concerning the identity of the proper party, the
action would have been brought against the party."); Moore's

---

[1] The court file reflects that the City of Waterbury Police
Department and two police employees were served in their official
capacities via the City Clerk on February 14, 2006 and counsel
filed appearances for all three defendants in March and April
2006.  (See Docket Entries Nos. 10, 14, 19.)

Federal Practice § 15.19(3)(d) at 15-90 (court should permit "an amendment to relate back to add a defendant that was not named at the outset, but was added later when plaintiff realized that the defendant should have been named...."). Because the plaintiff's claims relate back to the filing of the first amended complaint, they are not barred by the statute of limitations. The motion to dismiss is denied on this ground.

### 3. **Municipal Liability**

Since the filing of the City's motion to dismiss, the court has granted a motion for summary judgment filed by the Waterbury Police Department, Waterbury Police Detective Shegensky and Waterbury Police Sergeant Coyle. In ruling on the motion for summary judgment, the court held that the Waterbury defendants had submitted evidence demonstrating that the warrant used to serve the plaintiff in February 2004 did in fact include the signature of a judge and that Detective Shegensky had not served the warrant on the plaintiff and had not arrested him. (See Rul. Mots. Summ. J. at 7-8.)

In Monell v. Department of Social Services, 436 U.S. 658, 691 (1978), the Supreme Court set forth the test for municipal liability. The municipality may be liable for allegedly unconstitutional acts of a municipal employee if the plaintiff was subjected to the denial of his constitutional rights as a result of an official policy or custom. See Zahra v. Town of Southold, 48

10

F.3d 674, 685 (2d Cir. 1995).  A municipality cannot be held liable under 42 U.S.C. § 1983 solely on a theory of respondeat superior. See 436 U.S. at 694-95.  There must be "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).  "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985).

Although the plaintiff generally asserts that the City of Waterbury has a pattern of issuing invalid arrest warrants and allowing its employees to provide false statements and alter court documents, he has only asserted facts regarding one instance in which Waterbury police officers served an arrest warrant on him. Plaintiff asserts that the other arrest warrant was served upon him by Connecticut Probation Officers and not Waterbury Police Officers.  Furthermore, the court has previously ruled that the February 2004 warrant for plaintiff's arrest was not deficient in that it did include a judge's signature.  Thus, the plaintiff has failed to allege a pattern or policy of issuing and serving defective arrest warrants by City of Waterbury employees.

The claims of false testimony and statements are not

11

attributed to City of Waterbury Police officers, but rather to a Connecticut State Trooper and a Connecticut State's Attorney. The plaintiff makes no claims against the Waterbury Police defendants regarding the allegedly altered court documents. Accordingly, the plaintiff fails to state a claim of municipal liability against the City of Waterbury and the claims against it are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915 (e)(2)(B)(ii).

## II. **Motions to Compel Disclosure [Doc. # 56]**
##     **Motion for Leave to Depose Plaintiff [Doc. # 61]**

Defendants Shegensky, Coyle and the Waterbury Police Department seek an order compelling the plaintiff to respond to an interrogatory served on him in July 2007 and seek leave to depose the plaintiff. In view of the fact that the court has granted summary judgment in favor of these defendants on all claims pending against them, the motion to compel disclosure is denied as moot. On December 2007, the court granted the City of Waterbury defendants leave to depose the plaintiff on January 7, 2008. Accordingly, the motion for leave to depose plaintiff on November 16, 2007 is denied as moot.

## III. **Motion for Jury Trial [Doc. # 65]**
##      **Motion to Serve Subpoenas [Doc. # 66]**

Plaintiff seeks a trial by jury. As his complaint and amended complaint include requests for a jury trial, the motion is unnecessary and is denied. The plaintiff's motion for service of

subpoenas on those witnesses he seeks to call at trial is denied as premature. This case has not been scheduled for trial. Plaintiff may renew his motion if the case is scheduled for trial.

## **Conclusion**

The City of Waterbury's Motion to Dismiss [**Doc. # 55**] is **DENIED,** but all claims against it are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii). Pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over any state law claims against defendant City of Waterbury.

This is **not** a recommended ruling. The parties consented to the exercise of jurisdiction by a magistrate judge and, on December 29, 2006, the case was transferred to the undersigned for all purposes including entry of judgment. (See Doc. #32.)

**SO ORDERED** this 23rd day of June, 2008, at Bridgeport, Connecticut.

/s/

Holly B. Fitzsimmons
United States Magistrate Judge