UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THEOFERLIUS DOLPHIN
                                                                                   PRISONER
   v.                                            Case No. 3:05CV426(HBF)

WATERBURY POLICE DEP'T, ET AL.[1]

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Theoferlius Dolphin, filed this civil rights action pro se pursuant to 28 U.S.C. § 1915. He alleges *inter alia* that defendants, Probation Officers Keith Furniss and Paul DiStasio, violated his constitutional rights when they arrested him in December 2003 using an invalid warrant. Defendants Furniss and DiStasio have moved for summary judgment. For the reasons set forth below, the motion is granted.

---

[1] The Second Amended Complaint named the Waterbury Police Department, the City of Waterbury, Detective Clement Shagensky, Sergeant Coyle, the State of Connecticut, State's Attorney Terence Mariani, Trooper Samuel Izzarelli and Probations Officers Paul DiStasio and Keith Furniss as defendants. On March 31, 2008, the court granted a motion for judgment on the pleadings as to all federal claims against the defendants State of Connecticut, Mariani and Izzarelli and declined to exercise supplemental jurisdiction over any state law claims against those defendants. Also on March 31, 2008, the court granted a motion for summary judgment as to all federal claims against defendants Waterbury Police Department, Detective Shegensky and Sergeant Coyle and declined to exercise supplemental jurisdiction over any state law claims against those defendants. On June 24, 2008, the court denied City of Waterbury's motion to dismiss, but dismissed all claims against it for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) and declined to exercise supplemental jurisdiction over any state law claims against the City of Waterbury. Thus, only the claims against defendants DiStasio and Furniss remain.

**I.   Standard of Review**

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir.2000). Once the moving party has met its burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor in order to defeat the motion.  See Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought.  See Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000). "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir.2000).

## II. **Facts**[2]

On May 14, 1998, in the Connecticut Superior Court for the Judicial District of Waterbury, a judge sentenced the plaintiff to a total effective sentence of twelve years, execution suspended after five years and followed by ten years of probation. The judge imposed multiple conditions of probation including that plaintiff complete sex offender evaluation and treatment and comply with any other conditions recommended by the Office of Adult Probation. On April 7, 2000, the plaintiff reviewed and signed the document listing these conditions.

On or about November 15, 2002, when the Department of Correction released plaintiff from incarceration, he commenced his probation. The Office of Adult Probation imposed sex offender conditions of probation on the plaintiff, including his participation and completion of any sex offender evaluation and treatment program. On November 21, 2002, plaintiff reviewed and signed the document listing the conditions of probation.

Keith Furniss was a Probation Officer for the State of Connecticut Judicial Department in November 2003. As part of his duties, he supervised the plaintiff. On November 6, 2003, an entity contracting with the State to provide sex offender

---

[2] The facts are taken from defendants' Local Rule 56(a)1 Statement [Doc. No. 74-11], the Affidavits of Keith Furniss and Paul Distasio [Docs. Nos. 74-3 and 74-4] and the Exhibits attached to the Memorandum in Support of the Motion for Summary Judgment [Docs. Nos. 74-5 to 74-10]. These facts are deemed admitted because plaintiff failed to file a Local Rule 56(a)2 Statement. See D. Conn. L. Civ. R. 56(a)1.

treatment and counseling informed Officer Furniss that the plaintiff had failed to the complete the sexual offender program and had been discharged from the program. On November 13, 2003, Officer Furniss prepared an arrest warrant affidavit for violation of probation and either he or the clerical staff in his office prepared the Information/Arrest Warrant for submission to the State's Attorney's Office. Officer DiStasio, Officer Furniss's supervisor, reviewed and signed the Arrest Warrant Application/Affidavit on November 13, 2003. The Arrest Warrant Affidavit and Information/Arrest Warrant were then submitted to the State's Attorney's Office by the Warrant Officer.

On November 20, 2003, Assistant State's Attorney Klatt signed the Arrest Warrant Affidavit and Information/Arrest Warrant. On December 4, 2003, Superior Court Judge Ianotti signed the Information/Arrest Warrant. On December 11, 2003, Warrant Officer Joseph Marino served the Information/Arrest Warrant on the plaintiff and transported him to court. The Information/Arrest Warrant includes plaintiff's name, address, criminal docket number and charges against the plaintiff.

**III. Discussion**

Defendants DiStasio and Furniss assert two arguments in favor of summary judgment. They contend that the plaintiff's allegations against them fail to state a claim upon which relief may be granted and that they are entitled to qualified immunity.

4

### A. <u>False Arrest Claim</u>

The plaintiff asserts that on November 13, 2003, Officer Furniss completed an affidavit in support of a warrant for his arrest, a Superior Court Judge signed a warrant for his arrest on December 4, 2003 and Officer Furniss arrested him and turned him over to Officer DiStasio on December 11, 2003. Plaintiff claims the arrest warrant was defective in that it failed to include his his name, address or date of birth. Plaintiff asserts that Officer DiStasio did not review or attempt to correct the defective arrest warrant and instead transported him to the Waterbury Superior Court on December 11, 2003.

The defendants have produced true and accurate copies of an application for a warrant for plaintiff's arrest for violation of probation, including an affidavit by Officer Furniss in support of the arrest warrant application, and a warrant for the plaintiff's arrest. The Affidavit in support of the Application for the arrest warrant is signed by Officer Furniss on November 13, 2003 and includes plaintiff's date of birth, physical description and town of residence. Officer DiStasio also signed the Affidavit on November 13, 2003, indicating that Officer Furniss had subscribed and sworn to the contents of the Affidavit in his presence.

The Arrest Warrant consists of a two-sided court form JD-CR-71.5, entitled "Information" on the front and "Arrest

Warrant" on the back. The "Title, Allegation and Counts" section of the Information form is filled out and signed by a state's attorney and includes the plaintiff's name, his address and address and the offense charged against him in compliance with Connecticut Practice Book § 36-3. Both the Affidavit in support of the Application for the arrest warrant and the Information/Arrest Warrant contain the signature of an assistant state's attorney and a Superior Court judge. The plaintiff has failed to provide evidence that the warrant for his arrest signed by a judge on December 4, 2003, was defective in any way.

Furthermore, defendants DiStasio and Furniss have submitted affidavits and evidence indicating that they did not serve or execute the warrant for plaintiff's arrest or transport him to court on December 11, 2003. The documents presented indicate that Warrant Officer Joseph Marino served the arrest warrant and transported plaintiff to Waterbury Superior Court on December 11, 2003. Plaintiff has offered no evidence to support his claims that Officer Furniss arrested him and turned him over to Officer DiStasio who transported him to court. The plaintiff's allegations fail to state a claim for false arrest against defendants Furniss and DiStasio. The motion for summary judgment is granted on this ground.

### B. State Law Claims

Supplemental or pendent jurisdiction is a matter of

discretion, not of right.  See United Mine Workers v. Gibbs, 383 U.S. 715, 715-26 (1966).  Where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts. See 28 U.S.C. § 1367(c)(3); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).  Because the court has dismissed all of plaintiff's federal law claims, it declines to exercise supplemental jurisdiction over any state law claims.

**IV. Conclusion**

The Motion for Summary Judgment [**Doc. No. 74**] is **GRANTED**. The court declines to exercise supplemental jurisdiction over any state law claims.  This is **not** a recommended ruling.  The parties consented to the exercise of jurisdiction by a magistrate judge and, on December 29, 2006, the case was transferred to the undersigned for all purposes including entry of judgment.  (See Doc. #32.)  The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED** this 17th day of July, 2008, at Bridgeport, Connecticut.

```
       ___/s/_____
         Holly B. Fitzsimmons
          United States Magistrate Judge
```